**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WEST AMERICAN INSURANCE

COMPANY,

      Plaintiff,

          v.

SUSAN BOYARSKI, JEFFREY KEHLER,
and JEFFREY TURSE,

      Defendants.

CIVIL ACTION NO. 3:CV-11-2139

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiff West American Insurance Company's ("West American") Motion for Entry of Default Judgment as to Defendants Susan Boyarski and Jeffrey Kehler (Doc. 16) for their failure to answer or otherwise respond to Plaintiff's Complaint.  The third Defendant in this action, Jeffrey Turse, has filed an answer with counterclaim to West American's Complaint.  Mr. Turse also opposes West American's request for entry of default judgment against the non-responding Defendants.  Because entry of a default judgment against Ms. Boyarski and Mr. Kehler could result in inconsistent judgments in this action, West American's motion will be denied without prejudice.

## I. Background

The instant action concerns a dispute relating to an insurance policy (the "Policy") issued by West American to Ms. Boyarski. (*Compl.*, ¶ 6.)  Mr. Kehler, Ms. Boyarski's son, was a resident of her household on February 8, 2008.  Mr. Kehler therefore qualified as an insured under the terms of the Policy. (*Id.* at ¶ 7.)  On February 8, 2008, while using a vehicle covered under the terms of the Policy, Mr. Kehler was involved in an incident which allegedly caused injuries to Mr. Turse. (*Id.* at ¶ 8.)

Mr. Turse subsequently commenced an action against Ms. Boyarski and Mr. Kehler

in the Court of Common Pleas of Luzerne County, Pennsylvania on or about January 7, 2009 for injuries and damages sustained from the February 8, 2008 incident (the "Underlying Action"). (*Id*. at ¶ 10.)  As a result of the February 8, 2008 incident, Mr. Kehler pled guilty to a violation of 18 Pa. Cons. Stat. Ann. § 2702(a)(3), Aggravated Assault. (*Id*. at ¶ 12.)

Thereafter, West American commenced this declaratory judgment action against Ms. Boyarski, Mr. Kehler, and Mr. Turse on November 15, 2011.  West American seeks a declaration that the Policy affords no coverage to Mr. Kehler for the claims presented against him in the Underlying Action and that it does not have a duty to defend or indemnify Mr. Kehler for those damages being claimed in the Underlying Action. (*Id*.)

On February 14, 2012, the Summons and Complaint were served on Mr. Kehler. (Doc. 10.)  The next day, February 15, 2012, the Summons and Complaint were served on Ms. Boyarski. (Doc. 11.)  Neither Mr. Kehler nor Ms. Boyarski filed an answer or responded to the Complaint.[1]  As a result, West American moved for, and was granted, an entry of default against Mr. Kehler and Ms. Boyarski. (Doc. 15.)  Now, West American requests that default judgment be entered against Defendants Kehler and Boyarski. (Doc. 16.)  Mr. Turse opposes this request. (Doc. 18.)  Specifically, Mr. Turse contends that West American fails to demonstrate how it would be prejudiced if the request for entry of default judgment was denied.  Additionally, Mr. Turse argues that entry of default judgment would result in an inconsistent and illogical result if he prevailed on the merits in this action.  As West American's motion has now been fully briefed, it is ripe for disposition.

## II. Discussion

"It is well settled in this Circuit that the entry of a default judgment is left primarily to

---

[1]     Mr. Turse filed an Answer and Counterclaim to the Complaint on January 3, 2012. (Doc. 6.)

the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).  "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.2d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984)).  Under Rule 55(b) of the Federal Rules of Civil Procedure, when a plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk "must enter default for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person" upon request by the plaintiff. Fed. R. Civ. P. 55(b)(1).  In all other cases, however, "the party must apply to the court for a default judgment." Fed R. Civ. P. 55(b)(2).

"In a multiple-defendant case, default judgment against one defendant should be avoided if the default judgment could create 'inconsistent and unsupportable' results as to the non-defaulting defendants." *Tenn. Farmers Mut. Ins. Co. v. Tim W. Smith Props., LLC*, No. 11-0057, 2012 WL 956182, at *2 (E.D. Ark. Mar. 21, 2012).  Thus, "if default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 850 (D. N.J. 2008) (citing *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430 (E.D. Va. 2006) (relying on *Frow v. De La Vega*, 82 U.S. 552, 15 Wall. 552, 21 L. Ed. 60 (1872)); *see also Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327 (W.D. Mich. 2000); *Exquisite Form Industries, Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403 (S.D.N.Y. 1974); *accord Thabault v. Chait*,

3

541 F.3d 512, 531 (3d Cir.2008)).  In declaratory judgment actions in insurance disputes, courts may take under advisement the default judgment motion against the insured and allow the co-defendant-injured party to defend the action on the merits against the insurer. *See Tenn. Farmers Mut.*, 2012 WL 956182, at *2.  Thus, motions for entry of default judgments by insurers are routinely denied without prejudice to reassertion at the conclusion of proceedings against non-defaulting defendants. *See, e.g., Owners Ins. Co v. Daniel*, No. 12-027, 2012 WL 1565616, at *1 (M.D. Ga. May 2, 2012); *Essex Ins. Co. v. Moore*, No. 11-515, 2011 WL 3235685, at *1 (M.D. Fla. July 28, 2011); *United Nat'l Ins. Co. v. Paul & Mark's Inc.*, No. 10-799, 2011 WL 446280, at *4 (E.D. La. Feb. 4, 2011); *Progressive Direct Ins. Co. v. Lewis*, No. 08-215, 2009 WL 4016057, at *1 (E.D. Ky. Nov. 19, 2009) ("the issue of whether the [automobile] was covered by the policy at the time of the accident is central to the claims against each defendant.  A default judgment against [the non-responding defendant] could lead to inconsistent judgments regarding this issue.").

West American's motion for entry of default judgment will be denied.  Here, non-defaulting Defendant Turse opposes the motion and remains as a defendant in this action. Entry of a default judgment against Defendants Boyarski and Kehler could result in inconsistent judgments and unsupportable results. *See, e.g., Tenn. Farmers Mut.*, 2012 WL 956182, at *2 (denying insurer's motion for default judgment against insured due to possibility of inconsistent verdicts where insurer claimed that insured's intentional acts excluded coverage but injured defendant opposed entry of default judgment and claimed that insured's conduct amounted to mere negligence requiring indemnification).  Moreover, West American has not demonstrated that it would be prejudiced if entry of default judgment was denied at this time.  Accordingly, no default judgment will be entered against Defendants Boyarski and Kehler until this action is decided on the merits as to Defendant Turse.

### III. Conclusion

For the above stated reasons, West American's motion for default judgment against Defendants Boyarski and Kehler will be denied without prejudice.  West American may reassert the motion after the claims have been resolved against the non-defaulting Defendant.  However, the Clerk's entry of default as to Defendants Boyarski and Kehler will remain.

An appropriate order follows.


October 5, 2012                              /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                         United States District Judge